UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: STRYKER LFIT V40 FEMORAL HEAD PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Cases | MDL No. 17-md-2768-IT |

**AMENDED CASE MANAGEMENT ORDER NO. #2**

**APPLICABILITY OF THIS ORDER**

This Order sets forth the Court's AMENDED instructions regarding the direct filing of Complaints and responses thereto, as well as regarding Master Pleadings, in MDL Docket No. 2768 ("MDL No. 2768"). This Order applies to all cases previously or hereafter transferred to this MDL, or those which are directly filed in this District for consolidation with the MDL proceeding.

**I.      DIRECT FILING OF COMPLAINTS**

(a)     To promote judicial efficiency and eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts, any Plaintiff whose case would be subject to transfer to MDL No. 2768 may file his or her claims directly in this District for consolidation with the MDL in accordance with the procedures set forth in this Order.

(b) Any complaint filed in this District for consolidation with the MDL proceeding must be accompanied by a civil cover sheet noting that the case is related to this MDL and the civil action filing fee.[1] Once a case number has been assigned to the action, a copy of the complaint (with the individual case number added) shall be filed on the MDL docket. The complaint shall (1) comport with the Federal Rules of Civil Procedure and all MDL Orders in this proceeding, (2) specifically allege the district court in which the Plaintiff, absent this Order, otherwise would have filed the case, and (3) specifically allege both the jurisdictional and venue bases for filing in that Court.  If any Complaint fails to comply with these provisions, the Plaintiff will have 30 days after notification by Defendant to file an amended complaint to cure the defect.  A complaint or amended complaint that fails to comply with these provisions will be subject to dismissal without prejudice.

(c) Each case filed in this District for consolidation with MDL No. 2768 by a Plaintiff who resides in a federal district other than the District of Massachusetts will be consolidated with MDL No. 2768 for the purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's April 5, 2017 Transfer Order.  No Defendant may challenge the venue of any action filed in this District for

---

[1] The clerk will open new case files for complaints filed directly in the MDL between October 11, 2017, and the date of this order, with an opening date of the date such complaint was filed. Plaintiffs shall submit the necessary civil action filing fee, which has not been waived by the court.

2

consolidation with MDL No. 2768 pursuant to this order until pretrial proceedings have concluded.

(d)     Consolidation of an action in MDL No. 2768, whether the action was or will be transferred to or originally filed in this proceeding, shall not constitute a determination that either jurisdiction or venue is proper in the District of Massachusetts.  Nor does the transfer of a case following pretrial proceedings in this MDL constitute a determination that jurisdiction or venue is proper in the court to which the case is transferred.

(e)     No direct filing shall operate to waive or otherwise limit any Defendant's rights with respect to filing a motion to dismiss or to transfer based on improper venue, *forum non conveniens*, lack of personal jurisdiction, or the requirements of 28 U.S.C. § 1407 and *Lexecon, Inc. v. Milberg Weiss*, 523 U.S. 26 (1998).

(f)     This Order does not prohibit a party from filing an appropriate motion to remand, transfer, or dismiss, or for such other relief as may be appropriate, challenging the inclusion in this MDL of an action transferred to, or directly filed in, MDL No. 2768.

(g)     The direct filing of a case in this MDL pursuant to this Order will have no impact on choice of law, including with respect to the statute of limitations, that

otherwise would apply to an individual case had it been filed in another court and removed and/or transferred to this Court pursuant to 28 U.S.C. § 1407.

(h) Attorneys who appear in MDL No. 2768 are bound by all MDL Orders, including MDL Order No. 1 and MDL Order No. 3 and their provisions regarding attorney admissions, electronic filing and use of the Public Access to Court Electronic Records ("PACER") system and PACER accounts.

## II. PROCEDURE FOR MASTER PLEADINGS

(a) In light of the number of Complaints filed to date and the likelihood of additional filings in the future in MDL No. 2768, and the inefficiencies of drafting those Complaints and individual Answers to those Complaints, the Parties have agreed to the following procedures for the use of Master Pleadings. Nothing in this Order is intended to (or does) alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Order. These procedures apply to all cases pending against Defendant Howmedica Osteonics Corp. ("HOC") in MDL No. 2768 and to all actions against HOC that have been or will in the future be originally filed in, transferred to, or properly removed to this Court and assigned thereto as part of this MDL No. 2768.[2]

---

[2] As set forth in the Stipulation attached as Exhibit C, the Parties agree that Plaintiffs will name only Howmedica Osteonics Corp. as a defendant in the Master Complaint.

4

    (b)    All claims pleaded in the Master Complaint will supersede and replace all claims pleaded in any previously filed Complaint.

    (c)    Plaintiffs' Co-Lead Counsel shall promptly file in MDL No. 2768 the Master Complaint on behalf of all Plaintiffs asserting claims in MDL No. 2768, in the form attached hereto as Exhibit A.

    (d)    Attached as Exhibit B hereto is a Master Short Form Complaint, submitted by Plaintiffs' Co-Lead Counsel, which shall be an abbreviated form that Plaintiffs must complete in lieu of filing new standalone Complaints. All Short Form Complaints shall adopt the Master Complaint by reference and shall contain, at a minimum, for each individual case:

        (1)    The name of the Plaintiff(s);

        (2)    The city and state where the Plaintiff(s) currently resides;

        (3)    The city and state in which Plaintiff's HOC hip replacement system was implanted and the date of the implantation;

        (4)    The basis for subject matter jurisdiction in this Court;

        (5)    The federal district court in which the action otherwise would have been filed absent the direct filing procedures adopted by this Court;

        (6)    The nature of any alleged injury or injuries;

(7) Whether the Plaintiff is alleging s/he underwent a revision surgery as a result of the injuries alleged by Plaintiff in this litigation and, if so, the city, state, and date of the revision surgery;

(8) If applicable, the date of death of the implanted individual;

(9) Which causes of action in the Master Complaint Plaintiff(s) adopts (including whether any Plaintiff(s) is asserting a claim for loss of consortium, survival, or wrongful death), which Plaintiff(s) may indicate by checking the applicable box on the Short Form Complaint;

(10) Any additional legal counts, Defendants and supporting allegations; and

(11) Whether Plaintiff(s) demands a jury trial.

(e) Any Plaintiff who filed (or files) a Complaint in MDL No. 2768 or had (or has) a Complaint transferred to this MDL before the date of this order must file a Short Form Complaint in his or her case within 30 days of the filing of the Master Complaint. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the date he or she filed his or her original Complaint and not the date of the Master Complaint or the date he or she filed his or her Short Form Complaint.

(f) Any Plaintiff who files a Complaint in this District for coordination with MDL No. 2768 on or after the date on which the Plaintiffs' Co-Lead Counsel

files the Master Complaint may file a Short form Complaint.  For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the date he or she filed his or her Short Form Complaint and not the date of the Master Complaint.

(g)   Any Plaintiff who files a Complaint that is transferred to MDL No. 2768 on or after the date of this order must file a Short Form Complaint within 30 days of the date of transfer (which shall be the date this Court posts the Transfer Order on its docket).  For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed his or her Complaint as of the date he or she filed his or her original Complaint in a different judicial district and not the date of the Master Complaint or the date he or she filed his or her Short Form Complaint.

(h)   Nothing in this Order shall limit Plaintiffs' right to seek leave of Court to amend a Short Form Complaint as provided in the Federal Rules of Civil Procedure.

(i)   Within sixty (60) days of the date of filing of the Master Complaint, HOC shall file a Master Answer to the Master Complaint or shall file, pursuant to Federal Rules of Civil Procedure, a motion seeking dismissal, in whole or in part, of the Master Complaint.  If HOC files a Motion to Dismiss the Master Complaint and such Motion does not result in the dismissal of the Master Complaint in its entirety,

HOC shall file a Master Answer within sixty (60) days of the date on which the Court issues a ruling as to HOC's Motion to Dismiss, provided that the Court does not grant the Plaintiffs Steering Committee leave to amend the Master Complaint. If the Court grants the Plaintiffs Steering Committee leave to amend the Master Complaint, within thirty (30) days of such Order, the Plaintiffs Steering Committee shall file an Amended Master Complaint. HOC shall file a Master Answer or Motion to Dismiss the Amended Master Complaint, in whole or in part, within thirty (30) days after the date of filing the Amended Master Complaint.

(j) The Master Answer shall be deemed to be the Answer to all properly served Complaints, whether Short Form or otherwise, in any case now or in the future pending in MDL No. 2768, including those cases transferred to MDL No. 2768 pursuant to 28 U.S.C. § 1407, filed directly in this District for coordination with MDL No. 2768 pursuant to any Order entered by this Court governing same, or removed to this Court and included in MDL No. 2768. HOC is hereby relieved of the obligation to file any further Answer to any Complaint not yet answered and/or any Complaint in a case subsequently transferred to or consolidated with MDL No. 2768, unless otherwise ordered by this Court. For cases in MDL No. 2768 that do not utilize the Master Complaint (if any), the Master Answer will be deemed to answer those allegations that correspond to the allegations of the Master Complaint

and will be deemed a denial of any allegations not contained in the Master Complaint.

(k)  The adoption of the Master Answer in every case is without prejudice to HOC later moving to dismiss certain counts alleged in the Master Complaint (at the appropriate time in any individual Plaintiff's action), asserting any affirmative defenses, filing an Amended Answer to address specifically any individual Complaints, or otherwise challenging the sufficiency of any claim or cause of action in any Complaint under the applicable state's law, including cases that may be selected for inclusion in a discovery pool or bellwether trial pool.  Any proposed Order submitted to this Court for a process for selecting cases for inclusion in a discovery pool or bellwether trial pool must include a proposed procedure for the filing of dispositive motions applicable to those cases.  Furthermore, by agreeing to procedures for filing the Master Complaint and Short form Complaints, HOC has not agreed to or admitted the allegations set forth in those documents, nor has HOC conceded or waived its right to dispute the legal validity of the claims alleged therein.

(l)  As set forth herein, after the Master Answer has been filed in MDL No. 2768, it will be deemed adopted in every case.  As a result, following the filing of the Master Answer, any Plaintiff who wishes to dismiss voluntarily any case filed in or transferred to MDL No. 2768 must comply with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

(m)     As set forth in the Stipulation attached as Exhibit C, the Parties agree that Plaintiffs will name only Howmedica Osteonics Corp. as a defendant in the Master Complaint or any Short Form Complaint.  Shook, Hardy & Bacon L.L.P will only accept service of complaints filed in MDL Docket No. 2768 on behalf of Howmedica Osteonics Corp. only.  For service on Howmedica Osteonics Corp., Plaintiffs must email a properly executed Summons and filed Complaint to LFITV40MDL_HOCeservice@shb.com.  The email system will generate an automated response to the sender upon receipt of an e-mail to the designated address.  This automated response will confirm receipt of the e-mail and shall constitute proof of service as to Howmedica Osteonics Corp.  Defendant will not otherwise respond to emails sent to the above e-mail address.  Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l) of the Federal Rules of Civil Procedure.  Acceptance of electronic service shall not constitute a waiver of any defense.

**SO ORDERED** this 23rd day of October, 2017.

/s/ Indira Talwani
UNITED STATES DISTRICT JUDGE